**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Raymond STANLEY,
Defendant-Appellant.**

No. 12385.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 27, 1982.

---

John D. Ashcroft, Atty. Gen., John Jacobs, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Tyce S. Smith, Waynesville, for defendant-appellant.

PREWITT, Judge.

Defendant was charged with incest, § 568.020, RSMo Supp. 1981, for having sexual intercourse with his daughter on August 30, 1980. A jury found him guilty and he was sentenced to three years imprisonment.

Defendant contends that the trial court erred in allowing a physician to testify regarding an examination he made of the daughter. Defendant claims that the time of the examination was so remote to the time of the offense charged as to have no bearing as to whether defendant did have sexual intercourse with his daughter. He states that this testimony "only allowed the jury to speculate" that as she was not a virgin she had had intercourse before "and the logical violator" was the defendant.

The record reveals that the following occurred during the physician's testimony:

"Q [David Gregory Warren, Prosecuting Attorney] Did you have occasion on January 2nd, 1981, to perform a certain examination of [Defendant's daughter]?

A Yes, I did.

MR. SMITH: Your Honor, I'm going to object to this as being too remote; speculative as to any results this far after any kind of alleged sexual intercourse.

THE COURT: Well, overruled.

Q (by Mr. Warren) And, Major Wendt, is there a difference in the type of exam you perform—gynecological exam on a woman, depending on their physical structure?

A Yeah. In a young—say adolescent, if there is occasion, you know, to examine a female that young, we always get permission first to do it, you know, from the parent or whatever. I guess it's a legal requirement. And if the patient's vernaculam would be a virgin, or if they've never had intercourse, you are a little more careful in the exam so that you won't rupture the hymen or cause any discomforts. The exam would be a little more uncomfortable.

Q All right. And concerning the exam that you performed on [Defendant's daughter] on January 2nd, 1981, did you have to take those precautions that you're talking about?

A No.

Q And why not?

MR. SMITH: Objection, Your Honor. This calls for speculation and not sufficient foundation for this * * *

MR. WARREN: I'm asking why—why, according to her physical structure, he did not have to * * *

THE COURT: Overruled. He may answer.

MR. SMITH: With that particular addition, I'll remove the objection.

THE WITNESS: Her complaint required that I do a vaginal exam; and I did a speculum, a bimanual, which is to feel the internal pelvic organs, and a rectovaginal exam, also to feel the internal pelvic organs. Essentially the kind of exam that's done on a mature female."

■ Remoteness in time ordinarily affects the weight rather than the admissibility of the testimony. *State v. Stamps,* 569 S.W.2d 762, 766 (Mo.App.1978). Whether evidence, even though relevant, is inadmissible because it is too remote is a matter resting largely in the sound discretion of the trial court. *State v. Woods,* 508 S.W.2d 297, 300 (Mo.App.1974).

■ The state was required to prove that defendant had intercourse with his daughter. She so testified. The testimony of the physician, while not specifically stating that she had engaged in intercourse prior to the examination, at least carried that inference. It corroborated her testimony that intercourse had occurred, but did not establish when or that it was with defendant. The evidence was apparently offered to show that the daughter was not a virgin and while remote, it did tend to support at least in part the state's case. We find no abuse of discretion in admitting the evidence.

The judgment is affirmed.

GREENE, C. J., FLANIGAN, P. J., and TITUS, J., concur.